| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| WESTERN DISTRICT OF PENNSYLVANIA |
| Case number *(if known)* _____  Chapter  **11** |
| ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Croner, Inc.** |
| **2.** | **All other names debtor used in the last 8 years**  Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **25-0950529** |
| **4.** | **Debtor's address** | **Principal place of business**  **1576 Stoystown Road**  **Friedens, PA 15541**  Number, Street, City, State & ZIP Code  **Somerset**  County | **Mailing address, if different from principal place of business**  _____  P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  _____  Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **www.corsacoal.com** |
| **6.** | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |

Debtor  **Croner, Inc.**  Case number (*if known*) _____
     Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    **2121**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☑ No.
- ☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☑ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____  When _____  Case number, if known _____

Debtor **Croner, Inc.** Case number (*if known*) _____
Name

---

**11. Why is the case filed in *this district?***   *Check all that apply:*

- [✓] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [✓] No
- [ ] Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

   **Why does the property need immediate attention?** (*Check all that apply.*)
   - [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____
   - [ ] It needs to be physically secured or protected from the weather.
   - [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
   - [ ] Other _____

   **Where is the property?** _____
   Number, Street, City, State & ZIP Code

   **Is the property insured?**
   - [ ] No
   - [ ] Yes.   Insurance agency _____
      Contact name _____
      Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**   *Check one:*

- [✓] Funds will be available for distribution to unsecured creditors.
- [ ] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- [✓] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [ ] 1,000-5,000
- [ ] 5001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than 100,000

**15. Estimated Assets**

- [✓] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [ ] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

**16. Estimated liabilities**

- [✓] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [ ] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

Debtor  **Croner, Inc.**                                             Case number (*if known*)
Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 6, 2025**
              MM / DD / YYYY

X **/s/ Kevin M. Harrigan**                                      **Kevin M. Harrigan**
Signature of authorized representative of debtor                  Printed name

Title   **President and Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Michael J. Roeschenthaler**                              Date  **January 6, 2025**
Signature of attorney for debtor                                        MM / DD / YYYY

**Michael J. Roeschenthaler**
Printed name

**Raines Feldman Littrell LLP**
Firm name

**11 Stanwix Street**
**Suite 1100**
**Pittsburgh, PA 15222**
Number, Street, City, State & ZIP Code

Contact phone  **412-899-6472**           Email address  **mroeschenthaler@raineslaw.com**

**87642 PA**
Bar number and State

**Fill in this information to identify the case:**

Debtor name  **Croner, Inc.**

United States Bankruptcy Court for the: WESTERN DISTRICT OF PENNSYLVANIA

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **January 6, 2025**        X **/s/ Kevin M. Harrigan**
                                                                  Signature of individual signing on behalf of debtor

                                                                  **Kevin M. Harrigan**
                                                                  Printed name

                                                                  **President and Chief Executive Officer**
                                                                  Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                            )
                                                  )
WILSON CREEK ENERGY, LLC, *et al.*[1]              )
                                                  )
      Debtors.                                  )
                                                  )

## LIST OF AFFILIATED DEBTORS COMMENCING CHAPTER 11 CASES

| DEBTOR | LAST FOR DIGITS OF EIN |
|---|---|
| Corsa Coal Corp. | 0027 |
| Wilson Creek Holdings, Inc. | 7733 |
| Wilson Creek Energy, LLC | 6202 |
| Maryland Energy Resources, LLC | 5299 |
| Mincorp Acquisition Corp. | 4858 |
| Mincorp Inc. | 5688 |
| PBS Coals, Inc. | 2413 |
| RoxCoal, Inc. | 3768 |
| Quecreek Mining, Inc. | 1745 |
| Croner, Inc. | 0529 |
| Elk Lick Energy, Inc. | 8551 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Wilson Creek Energy, LLC (6202); Wilson Creek Holding, Inc. (7733); Maryland Energy Resource, LLC (5299); Mincorp Acquisition Corp. (4858); Mincorp Inc. (5688); PBS Coals, Inc. (2413); Roxcoal, Inc. (3768); Quecreek Mining, Inc. (1745), Croner, Inc. (0529); Elk Lick Energy, Inc. (8551); and Corsa Coal Corp. (0027). The Debtors' address is 1576 Stoystown Road, Friedens, Pennsylvania 15541.

10444683.1

Fill in this information to identify the case:
Debtor name **WILSON CREEK ENERGY, LLC, et al.**
United States Bankruptcy Court for the: **WESTERN DISTRICT OF PENNSYLVANIA**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Norfolk Southern Railway Company** PO Box 532797 Atlanta, GA 303532797 | | | | | | $2,783,670.72 |
| **Jennmar** PO Box 948800 Atlanta, GA 303948800 | James Pfeifer, General Counsel Phone (724) 514-7656 jpfeifer@jennmar.com | Trade Debt | | | | $1,754,630.00 |
| **Tijon Company Inc** 110 Entry Road Aultman, PA 15713 | Phone: (724) 479-3381 tspiller@tijonusa.com | Trade Debt | | | | $878,992.72 |
| **White Armature Works Inc** PO Box 330 1150 Huff Creek Hwy Mallory, WV 25634 | Phone: (304) 583-9681 ramburgey@whitearm.com | Trade Debt | | | | $608,620.83 |
| **JJ Powell Inc** 109 W Presqueisle St PO Box 30 Philipsburg, PA 16866 | Jeffrey Powell jpowell@jjpowell.com Phone: 1-800-432-0866 | Trade Debt | | | | $592,975.08 |
| **GMS Mine Repair & Maintenance, Inc** PO Box 2446 Mt. Lake Park, MD 21550 | Ron Petrella rpetrella@gmsminerepair.COM Phone - 301-334-8186 | Trade Debt | | | | $548,725.30 |

10444646.2

Debtor  **WILSON CREEK ENERGY, LLC, et al.**             Case number *(if known)*
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Wampum Hardware Co** 636 Paden Road New Galilee, PA 16141 | Gerald Davis, President Phone: (724) 336-4501 gdavis@wampumhardware.com | Trade Debt | | | | $466,641.04 |
| **Highmark Blue Shield** PO Box 382022 Pittsburgh, PA 15251 | | Insurance | | | | $432,711.15 |
| **Weimer Rebuilding, Inc.** 149 Hillside Road Derry, PA 15627 | | | | | | $422,063.76 |
| **Braddock Construction LLC** 61 National Highway Cumberland, MD 21502 | | Trade Debt | | | | $421,837.38 |
| **Joy Global Underground Mining, LLC** PO Box 504794 St.Louis, MO 631504794 | Matt Kulasa mkulasa@joyglobal.com Phone - 724-873-4337 | Trade Debt | | | | $419,628.71 |
| **Cleveland Brothers Equipment Co. Inc.** 4565 William Penn Highway Murraysville, PA 15668 | Jay Cleveland Email - jcleveland@clevelandbrothers.com phone - 724-327-1300 | Trade Debt | | | | $409,140.46 |
| **Irwin Mine and Tunneling Supply** PO Box 409 Irwin, PA 15642 | | Trade Debt | | | | $368,425.33 |
| **Taylor Hydraulics, Inc DBA THI** PO Box 750 Cedar Bluff, VA 24609 | David Bandy Phone: (276) 964-6745 | Trade Debt | | | | $352,239.00 |
| **Glassmere Fuel Service** PO Box 187 Curtisville, PA 15032 | Phone: 800-235-9054 | Trade Debt | | | | $351,425.17 |
| **Rockwood Casualty Insurance Company** Attn: Accounts Payable Dept 654 Main Street Rockwood, PA 15557 | | Insurance | | | | $346,582.00 |

Official form 204         Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims         page 2

10444646.2

Debtor **WILSON CREEK ENERGY, LLC, et al.**  Case number *(if known)*
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| **Valley Mine Service, Inc**<br>P O Box 57<br>Speedwell, TN 378700057 | Danny Gibson<br>Phone: (423) 869-3155<br>danny@valleymineservice.com | Trade Debt | | | | $304,411.51 |
| **Chemstream Inc**<br>511 Railroad Avenue<br>Homer City, PA 15748 | Phone: 724-915-8388 | Trade Debt | | | | $291,512.88 |
| **Highland Industries**<br>PO Box 1190<br>Oak Hill, WV 25901 | | Trade Debt | | | | $288,649.19 |
| **Hallaton Environmental Linings**<br>1206 Sparks Road<br>Sparks Glencoe, MD 21152 | Todd Harman<br>Phone: 410-583-7700<br>tharman@hallaton.com | Trade Debt | | | | $283,885.70 |
| **Bill Miller Equipment Sales, Inc.**<br>PO Box 112<br>Eckhart Mines, MD 21528 | Marie Miller<br>Phone: (301) 689-1013<br>marie@bmillerequipmentsales.com | Trade Debt | | | | $259,000.00 |
| **Griffith Excavation Inc**<br>52 Blough Road<br>Boswell, PA 15531 | | Trade Debt | | | | $244,191.81 |
| **Rose Services   LLC and Somerset Trust Co**<br>Attn:  Joseph Crowley<br>PO Box 777<br>Somerset, PA 15501 | | | | | | $235,675.60 |
| **Good Tire Services, Inc.**<br>13616 State Route 422<br>Kittanning, PA 16201 | | Trade Debt | | | | $233,936.97 |
| **WC Hydraulics, LLC**<br>172 Philpot Lane<br>Beaver, WV 25813 | | Trade Debt | | | | $232,779.97 |
| **JM Conveyors LLC**<br>PO Box 948800<br>Atlanta, GA 30394 | | Trade Debt | | | | $203,086.00 |
| **Lee Supply Co Inc**<br>Box 35<br>Charleroi, PA 15022 | Phone: (724) 483-3543 | | | | | $201,481.96 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 3

10444646.2

Debtor **WILSON CREEK ENERGY, LLC, et al.**   Case number *(if known)*
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Appalachian Tire Products** **248 Seanor Road** **Windber, PA 15963** | | Trade Debt | | | | **$189,714.98** |
| **Mike Weimer Construction LLC** **2079 Weimer Lane** **Blairsville, PA 15717** | Phone: (724) 388-3557 | Trade Debt | | | | **$185,625.00** |
| **Johnson Industries Inc** **101 Pine Fork** **Pikeville, KY 41501** | Phone: (606) 639-2029 | Trade Debt | | | | **$184,784.68** |

JM

Official form 204            Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims            page 4

10444646.2

# UNANIMOUS WRITTEN RESOLUTION
# OF THE BOARD OF DIRECTORS OF
# CRONER, INC.

January 5, 2025

The undersigned, constituting the sole member of the Board of Directors (the "**Board**") of Croner, Inc., a Pennsylvania corporation (the "**Company**"), pursuant to applicable provisions of the Pennsylvania Business Corporations Law, hereby adopt the following resolutions by unanimous written consent:

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and its business on the date hereof, including its historical performance, its assets and prospects, its current and future liquidity needs, its lease portfolios, and its current and long-term liabilities; and

**WHEREAS**, the Board has reviewed and considered reports of management and the Company's legal and financial advisors regarding, and has considered and discussed, the Company's financial condition and the strategic alternatives available to it, and the impacts of the foregoing on the Company's business, assets and stakeholders; and

**WHEREAS**, the Board has determined that it is advisable and in the best interests of the Company to pursue relief under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**");

**NOW, THEREFORE, BE IT:**

1. **Commencement of Chapter 11 Case**

**RESOLVED**, that the Company file, or cause to be filed, a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania (the "**Bankruptcy Court**") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it is further

**RESOLVED**, that Kevin Harrigan, Chief Executive Officer of the Company (the "**CEO**" or the "**Authorized Person**") is authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that the Authorized Person deems necessary, appropriate, or desirable in connection with the Company's bankruptcy case and in furtherance of the restructuring of the Company's debts and obligations, all as consistent with these resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions

1

contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

2. **Commencement of CCAA Proceeding**

**RESOLVED**, that the Company file, or cause to be filed, a recognition of the Chapter 11 Case (or similar proceeding) under the CCAA (the "**CCAA Proceeding**") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Ontario Superior Court (Commercial List) (the "**CCAA Court**") in connection with the CCAA Proceeding, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that the Authorized Person deems necessary, appropriate, or desirable in connection with the CCAA Proceedings and in furtherance of the restructuring of the Company's debts and obligations, all as consistent with these resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

3. **Retention of Advisors**

**RESOLVED**, that the following professionals be engaged and retained on behalf of the Company: (i) Raines Feldman Littrell LLP as general bankruptcy counsel; (ii) Stikeman Elliott LLP as Canadian insolvelcy counsel (iii) BDO USA as financial advisors and consultants; (iv) an investment banker, if deemed necessary or appropriate by the Authorized Person; and (v) Omni Agent Solutions, Inc. as claims and noticing agent; (vi) PricewaterhouseCoopers LLP as Canadian information officer; and (vii) any other professionals deemed necessary and in the best interests of the Company, each to represent and assist the Company in carrying out its duties and responsibilities under the Bankruptcy Code and applicable law, and to take any and all actions to advance the Company's rights and interests (including, without limitation, the law firms filing any pleadings and responses, and making any filings with regulatory agencies or other governmental authorities); and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements with and pay appropriate retainers to the foregoing professionals and such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Company, and to cause to be filed appropriate applications for authority to retain the services of such professionals; and it is further

2

4.  **Financing**

**RESOLVED** that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to negotiate and obtain postpetition financing and/or use of cash collateral, including under one or more debtor-in-possession credit facilities, as the Authorized Person deems necessary, appropriate, or desirable in connection with the Company's bankruptcy case and to carry out and put into effect the purposes of these resolutions; and to enter into any guarantees and to pledge and grant liens on the Company's assets in support of such financing, and in connection therewith to execute appropriate loan agreements and related ancillary documents; with the actions of the Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all such financing related documents, being deemed conclusive evidence of the approval and the necessity, desirability or appropriateness thereof; and it is further

**RESOLVED** that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with any such financing transaction(s) and all fees and expenses incurred by or on behalf of the Company in connection with these resolutions, in accordance with the terms of any financing related documents, which shall in its sole judgment be necessary, appropriate, or desirable to perform any of the Company's obligations under or in connection with such financing arrangements and to carry out fully the intent of these resolutions; and it is further

5.  **General**

**RESOLVED**, that the Authorized Person, be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including (a) the negotiation of such additional agreements, amendments, modifications, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (b) the execution, delivery, performance and filing (if applicable) of any of the foregoing, and (c) the payment of all fees, consent payments, taxes, indemnities and other expenses, as the Authorized Person, in his sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that the Authorized Person deemed the same to meet such standard; and it is further

**RESOLVED**, that to the extent that the Company serves as the sole member, managing member, general partner, partner or other governing body of any other company (an "**Affiliate**"), each Authorized Person hereby is authorized, empowered and directed in the name and on behalf of the Company to take all of the actions on behalf of such Affiliate that the Authorized Person is herein authorized to take on behalf of the Company; and it is further

**RESOLVED**, that any person dealing with the Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized

3

Person and by his or her execution of any document, agreement or instrument, the same to be a valid and binding obligation of such Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the Authorized Person is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary or desirable in the opinion of the Authorized Person, a true copy of the foregoing resolutions; and it is further

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by the Authorized Person of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that these resolutions shall be filed with the minutes of the proceedings of the Board.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Board, adopt and authorize the foregoing resolutions as of the date first written above.

_____
Kevin Harrigan

10443343.1

# United States Bankruptcy Court
## Western District of Pennsylvania

In re **Croner, Inc.**

Debtor(s)

Case No.

Chapter **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Croner, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**January 6, 2025**
Date

**/s/ Michael J. Roeschenthaler**
**Michael J. Roeschenthaler**
Signature of Attorney or Litigant
Counsel for **Croner, Inc.**
**Raines Feldman Littrell LLP**
**11 Stanwix Street**
**Suite 1100**
**Pittsburgh, PA 15222**
**412-899-6472**
**mroeschenthaler@raineslaw.com**